UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DARIUS J. SMITH,

      Plaintiff,

v.

THE ORSUS GROUP, INC.,

      Defendant.
_____/

Case No. 23-cv-13201
Honorable Linda V. Parker

### ORDER DENYING DEFENDANT'S MOTION FOR LEAVE TO FILE THIRD-PARTY COMPLAINT

This matter is before the Court on The Orsus Group, Inc.'s ("Orsus") motion for leave to file a third-party complaint against Oxus America, Inc. ("Oxus") which was filed on July 15, 2024.  (ECF No. 12)  On July 29, 2024, Darius Smith ("Smith") filed a motion in opposition in response.  (ECF No. 13)

Orsus seeks leave to file a complaint against Oxus for contribution, common law indemnity, and contractual indemnity because of Oxus's alleged violations of the Fair Credit Reporting Act ("FCRA").  (ECF No. 12 at PageID.77-78)  Orsus alleges federal supplemental jurisdiction on the basis of 28 U.S.C. § 1367.  (ECF No. 12 at PageID.91)  Smith argues the motion should be denied as: (1) a defendant "charged" with a violation the FCRA does not have a statutory or common-law right to contribution or indemnity; (2) there is no common nucleus of

operative fact to justify supplemental jurisdiction; and (3) a defendant "charged" with a violation of the FCRA cannot assert an express contractual right for indemnity. (ECF No. 13)

## I. Background

As described in the complaint, Orsus is a consumer reporting agency which provides background checks to employers, including criminal history reports. (ECF No. 1 at PageID.2) Smith alleges that he was offered a job with Oxus, subject to the results of such a background check. (*Id.* at PageID.9) However, the report on Smith provided by Orsus included inaccurate information including a felony drug conviction which did not belong to Smith. (*Id.* at PageID.10) After being provided the background check by Orsus, Oxus withdrew Smith's offer of employment. (*Id.* at PageID.13)

Smith disputed the background check with Orsus, and Orsus promptly investigated and removed the felony conviction from all employment reports regarding Smith. (*Id.* at PageID.14) Smith provided the updated information to Oxus in hopes of regaining the job offer, but the position had already been filled. (*Id.*) Smith alleges Orsus violated the FCRA by failing to follow procedures to assure maximum possible accuracy. (*Id.* at PageID.11) Specifically, he alleges that Orsus failed to cross-reference criminal history reports with individuals' full names, dates of birth, and social security numbers. (*Id.*)

In its motion for leave to file a third-party complaint, Orsus alleges that Oxus may have violated the FCRA by "failing to issue a pre-adverse action notice to Plaintiff and failing to wait a reasonable time to allow Plaintiff to object[.]" (ECF No. 12 at PageID.77)  Orsus further alleges that "Oxus's actions and omissions make it potentially liable to Orsus for contribution, common law indemnity and contractual indemnity."  (*Id.* at PageID.83)

## II.     Standard

Rule 14(a) allows a defendant to serve a "complaint on a nonparty who is or may be liable to it for all or part of the claim against it." Fed. R. Civ. P. 14(a).  A defendant who wishes to file a third-party complaint "more than 14 days after serving its original answer" can only do so by leave of court.  *Id.*  "The purpose of Rule 14 is to permit additional parties whose rights may be affected by the decision in the original action to be joined so as to expedite the final determination of the rights and liabilities of all the interested parties in one suit."  *Amer. Zurich Ins. Co. v. Cooper Tire & Rubber Co.*, 512 F.3d 800, 805 (6th Cir. 2008) (citing *Dishong v. Peabody Corp.*, 219 F.R.D. 382, 385 (E.D. Va. 2003)).  To serve that end, district courts enjoy "considerable discretion … in deciding whether to permit or strike a third-party complaint."  *Old Republic Ins. Co. v. Concast, Inc.*, 99 F.R.D. 566, 568 (S.D.N.Y. 1983).

"The third-party complaint is in the nature of an indemnity or contribution claim." *American Zurich*, 512 F.3d at 805. "[A]n impleader action is proper when there is a right to relief in the third-party plaintiff under applicable substantive law against the third-party defendant." *Tate v. Frey*, 735 F.2d 986, 989 (6th Cir. 1984).

Generally, "timely motions for leave to implead third parties should be freely granted … unless to do so would prejudice the plaintiff, unduly complicate the trial, or would foster an obviously unmeritorious claim." *Trane U.S. Inc. v. Meehan*, 250 F.R.D. 319, 322 (N.D. Ohio 2008) (quoting *Nova Prods., Inc. v. Kisma Video, Inc.*, 220 F.R.D. 238, 240 (S.D.N.Y. 2004) (internal quotations omitted)). As with proposed amendments under Federal Rule of Civil Procedure 15, the "court may consider the futility of a proposed third party complaint under Rule 14 to determine whether to exercise its discretion and allow the third party complaint to proceed." *Doe v. Williamsburg Indep. Sch. Dist.*, No. 6:15-CV-75-GFVT-HAI, 2016 WL 1735850 at *3 (E.D. Ky. May 2, 2016).

A proposed amendment "is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss." *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In deciding whether the

plaintiff has set forth a "plausible" claim, the court must accept the factual allegations in the complaint as true. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). This presumption is not applicable to legal conclusions, however. *Iqbal*, 556 U.S. at 668. Therefore, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555).

### III. Analysis

#### a. Common Law Contribution and Indemnity

The question of whether a right to contribution or indemnification exists under the FCRA is governed by federal law. *See Nw. Airlines, Inc. v. Transp. Workers Union of Am., AFL-CIO*, 451 U.S. 77, 90 (1981). "Claims for indemnification or contribution under a federal statute may be created in two different ways: (1) through action by Congress, either expressly or implicitly; or (2) by federal common law through the exercise of judicial power to fashion appropriate remedies for unlawful conduct." *Michigan First Credit Union v. T-Mobile USA, Inc.*, 108 F.4th 421, 426 (6th Cir. 2024) (internal quotation marks and citation omitted).

Courts have repeatedly held that there is both "no right to contribution or indemnification under the FCRA" and no cognizable claim under federal common law in these circumstances. *Thompson v. Equifax Info. Servs., LLC*, No. 2:18-CV-

12495-TGB, 2019 WL 2059123 at *2 (E.D. Mich. May 9, 2019) (collecting cases); *see also Meyers v. Freedom Credit Union*, No. CIV.A. 05-3526, 2007 WL 2753172 at *7 (E.D. Pa. Sept. 21, 2007) (collecting cases).

Specifically, "[a] claimed cause of action for contribution or indemnity is not cognizable under federal common law unless such a cause of action would implicate a 'uniquely federal interest,' … or unless Congress can be deemed to have delegated to the courts the power to 'create governing rules of law.'" *Meyers*, 2007 WL 2753172 at *7 (quoting *Texas Indus., Inc. v. Radcliff Materials, Inc.*, 451 U.S. 630, 642 (1981) (internal citations and quotation marks omitted). Neither is the case here. As such, Orsus's third-party complaint is futile to the extent it seeks to plead contribution and indemnity claims as the claims would not survive a motion to dismiss.

### b. Contractual Indemnity

Orsus alleges that "Oxus is expressly obligated to indemnify Orsus from any and all claims, like Plaintiff's, brought by individuals who applied for or were considered for employment with Oxus" yet the proposed third-party complaint includes no references to any contract, provision, or agreement to support this claim. (ECF No. 12-1 at PageID.97) In fact, the entire record is devoid of any reference to a contract or express agreement between Orsus and Oxus.

To state a claim for contractual indemnity requires the plaintiff to, at the very least, plead the existence of a contract.  Orsus has failed to do even that much and, as such, its contractual indemnity claim is futile.  Additionally, Orsus fails to plead facts from which the Court could infer that its contractual indemnity claim shares a common nucleus of operative facts with Smith's underlying claims to satisfy the requirements for supplemental jurisdiction.

Nothing in this order should be interpreted to preclude Orsus from pursuing its claims against Oxus in a separate action.  To the extent that Orsus has claims against Oxus, it is free to pursue them in a separate proceeding should it be found liable to Smith.  However, the Court finds that in this case the proposed third-party complaint would be futile.

For the foregoing reasons, **IT IS ORDERED** Orsus's motion for leave to file a third-party complaint is **DENIED**.

**SO ORDERED.**

s/ Linda V. Parker  
LINDA V. PARKER  
U.S. DISTRICT JUDGE

Dated: November 1, 2024